UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY A. CARDEW,

    Plaintiff,                                              Case No. 20-CV-11982

vs.                                                         HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,[1]

    Defendant.
_____/

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED FEBRUARY 18, 2022 (Dkt. 36), (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 28), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 33), AND (4) REMANDING THE CASE**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Anthony P. Patti, issued on February 18, 2022 (Dkt. 36). In the R&R, the magistrate judge recommends that the Court (i) grant Plaintiff's motion for summary (Dkt. 28); deny Defendant's motion for summary judgment (Dkt. 33); and (iii) remand the case to the Commissioner of Social Security for rehearing, reevaluation of Step 1 consistent with the R&R, and, if necessary, Steps 2 through 5.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal

---

[1] This lawsuit was brought against the prior Commissioner of Social Security, Andrew Saul. Subsequently, Kilolo Kijakazi became the Acting Commissioner of Social Security.

conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court adopts the R&R (Dkt. 36); grants Plaintiff's motion for summary judgment (Dkt. 28); denies Defendant's motion for summary judgment (Dkt. 33); and, pursuant to 42 U.S.C. § 405(g), remands this case to the Commissioner for further administrative proceedings consistent with the R&R.

SO ORDERED.

Dated: March 9, 2022  s/Mark A. Goldsmith
       Detroit, Michigan  MARK A. GOLDSMITH
                          United States District Judge